**SO ORDERED.**

**SIGNED this 11 day of September, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# ELIZABETH CITY DIVISION

IN RE:

**ROBIN LYNN CALLOWAY,**

      Debtor.                                  Case No. 07-02210-8-JRL
                                                      Chapter 7

_____

## ORDER

On June 18, 2007, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. The debtor has now moved the court to avoid the lien of Dunmar Moving Systems [hereinafter "Dunmar"] in the amount of $2,860.00 on goods in storage, consisting of household goods, personal effects, child's items and toys, fitness equipment, and a television. Dunmar asserts that the goods in storage are subject to a warehouseman's lien under the Commercial Code of Virginia and that the lien should not be avoided. Dunmar further asserts that the Commercial Code of Virginia allows the holder of a warehouseman's lien who has possession of goods to sell the goods at public auction in order to collect funds towards the storage fee. On September 6, 2007, the court conducted a hearing on this matter in Wilson, North Carolina.

The Bankruptcy Code provides that a "debtor may avoid the fixing of a lien on an interest

of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . if such lien is . . . a nonpossessory, nonpurchase-money security interest in any household furnishings [or] household goods . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." 11 U.S.C. 522(f)(1)(B)(i). However, a possessory security interest may not be avoided under § 522(f). *See* 4 *Collier on Bankruptcy* P. 522.11 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007). Under Virginia law, "[a] warehouseman has a lien against the bailor of goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in his possession for charges for storage or transportation . . ., insurance, labor, or other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law." VA CODE ANN. § 8.7-209(1). Because a warehouseman's lien is a possessory security interest, the debtor cannot avoid the lien under § 522(f) if Dunmar has a warehouseman's lien under Virginia law. However, even if Dunmar has a warehouseman's lien under Virginia law, Dunmar may not enforce the lien by public or private sale of the goods during the pendency of this bankruptcy case because the automatic stay prevents "any act to . . . enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4).

Dunmar has had possession of the debtor's goods in storage with Empire Storage & Van Corp. T/A Dunmar Moving Systems since the year 2000. At the time of the hearing, the debtor's goods remained in the warehouse owned by Dunmar. Because Dunmar is still in possession of the debtor's goods, they hold a possessory security interest on the goods in storage by virtue of the Virginia warehouseman's lien statute. Therefore the debtor may not avoid the lien on her property in storage with Dunmar pursuant to § 522(f). However, because the goods in storage with Dunmar

are property of the estate, Dunmar may not enforce the lien by public or private sale during the pendency of this bankruptcy case without first obtaining relief from the automatic stay.

For the foregoing reasons, the court denies the debtor's motion to avoid the lien of Dunmar Moving Systems pursuant to 11 U.S.C. § 522(f).

**END OF DOCUMENT**